UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION
CASE NO.:

MADELINE BERRIOS,
and other similarly-situated individuals,

    Plaintiff (s),

v.

YALAHA BAKERY LLC,
HEINZ JUERGEN KLUMB,
and ANNE MARIE KLUMB,
individually,

    Defendants,
_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff MADELINE BERRIOS, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants YALAHA BAKERY LLC, HEINZ JUERGEN KLUMB, and ANNE MARIE KLUMB, individually, and alleges:

1. This is an action to recover money damages for unpaid regular and overtime wages, and retaliation, under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff MADELINE BERRIOS is a resident of Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant YALAHA BAKERY LLC (hereinafter YALAHA BAKERY, or Defendant) is a Florida corporation, having place of business in Lake County, Florida. Defendant was and is engaged in interstate commerce.

4. Individual Defendants HEINZ JUERGEN KLUMB, and ANNE MARIE KLUMB were and are now, owners/partners/officers and/or managers of Defendant Corporation YALAHA BAKERY. Defendants HEINZ JUERGEN KLUMB, and ANNE MARIE KLUMB were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)],

5. All the actions raised in this complaint took place in Lake County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants regular wages, overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after January 2018, (the "material time") without being properly compensated.

7. Corporate Defendant YALAHA BAKERY is a bakery located at 8210 County Rd 48, Yalaha, FL 34797, where Plaintiff worked.

8. Defendants YALAHA BAKERY, HEINZ JUERGEN KLUMB, and ANNE MARIE KLUMB employed Plaintiff MADELINE BERRIOS as a full-time non-exempt employee from approximately January 28, 2018 to March 27, 2019, or 60 weeks. For FLSA purposes, Plaintiff's relevant period of employment is 56 weeks, because she was paid an hourly rate and overtime hours during her first 4 weeks of employment.

9. Plaintiff was hired as a baker, and within her relevant period of employment, she was paid a salary of $673.00 per week.

10. While employed by Defendants, Plaintiff had a very irregular schedule, but she worked 5 or 6 days per week a minimum average of 60 hours weekly. Plaintiff was unable to take bona-fide lunch periods.

11. Plaintiff worked in excess of 40 hours every week period. However, she was not paid for overtime hours.

12. Plaintiff clocked in and out, and Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

13. Therefore, during the relevant period of employment, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

14. Plaintiff was paid bi-weekly with checks accompanied with paystubs that did not show the number of hours worked by Plaintiff.

15. On or about March 27, 2019, Plaintiff resigned from her employment with Defendants due to health problems.

16. Plaintiff MADELINE BERRIOS intends to recover 1 week of regular wages, which Defendants retained as "deposit", half-time overtime for every hour worked in excess of 40 every week period, liquidated damages, and any other relief as allowable by law.

17. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1) FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

18. Plaintiff MADELINE BERRIOS re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. This action is brought by Plaintiff and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and one half-times the regular rate at which he is employed."

20. The Employer YALAHA BAKERY at all times pertinent to this Complaint, was engaged in interstate commerce or in the production of goods for commerce as

defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). The Defendant is a retail business operating as bakery, and through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in interstate commerce. The Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all time material hereto in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

21. Plaintiff was employed by an enterprise engaged in interstate commerce, and the Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was a baker and through her daily activities, she regularly produced goods for commerce. Additionally, Plaintiff handled and worked on goods and materials that were moved in or produced for interstate commerce at any time of the business. Therefore, there is FLSA individual coverage.

22. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

23. Defendants YALAHA BAKERY, HEINZ JUERGEN KLUMB, and ANNE MARIE KLUMB employed Plaintiff MADELINE BERRIOS as a full-time non-exempt employee from approximately January 28, 2018 to March 27, 2019, or 60 weeks. For FLSA purposes, Plaintiff's relevant period of employment is 56 weeks,

because she was paid an hourly rate and overtime hours during her first 4 weeks of employment.

24. Plaintiff was hired as a baker, and within her relevant period of employment, she was paid a salary of $673.00 per week.

25. While employed by Defendants, Plaintiff had a very irregular schedule, but she worked 5 or 6 days per week a minimum average of 60 hours weekly. Plaintiff was unable to take bona-fide lunch periods.

26. Plaintiff worked in excess of 40 hours every week period. However, she was not paid for overtime hours.

27. Plaintiff clocked in and out, and Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

28. Therefore, during the relevant period of employment, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

29. The records, if any, concerning the number of hours actually worked by Plaintiff MADELINE BERRIOS, and all other similarly-situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

30. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

31. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

32. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

33. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    * Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

    a. <u>Total amount of alleged unpaid wages</u>:

       Six Thousand Two Hundred Eighty-Three Dollars and 20/100 ($6,283.20)

    b. <u>Calculation of such wages</u>:

       Total weeks of employment: 60 weeks
       Total relevant weeks of employment: 56 weeks
       Total hours worked: 60 hours weekly
       Total overtime hours: 20 overtime hours weekly
       Total unpaid O/T hours:20 hours
       Paid: $673.00 weekly:60 hours=$11.22
       Regular rate: $11.22 an hour: 2= $5.61 half-time difference

       O/T half-time rate $5.61 x 20 hours=$112.20 weekly x 56 weeks= $6,283.20

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

       This amount represents the unpaid half-time overtime hours.

34. At all times material hereto, the Employer/Defendant YALAHA BAKERY failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by

the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

35. Defendant YALAHA BAKERY knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

36. At the times mentioned, individual Defendants HEINZ JUERGEN KLUMB, and ANNE MARIE KLUMB were owners/partners/officers, and they directed operations of YALAHA BAKERY. Defendants HEINZ JUERGEN KLUMB, and ANNE MARIE were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of YALAHA BAKERY in relation to its employees, including Plaintiff and others similarly situated. Defendants HEINZ JUERGEN KLUMB, and ANNE MARIE KLUMB had financial and operational control of the business, provided Plaintiff with her work schedule, determined Plaintiff's term and conditions of employment and they are jointly and severally liable for Plaintiff's damages.

37. Defendants YALAHA BAKERY, HEINZ JUERGEN KLUMB, and ANNE MARIE KLUMB willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remain

owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

38. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MADELINE BERRIOS and those similarly-situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff MADELINE BERRIOS and other similarly-situated and against the Defendants YALAHA BAKERY, HEINZ JUERGEN KLUMB, and ANNE MARIE KLUMB on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid off-the clock overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff MADELINE BERRIOS and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated: April 25, 2019

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*